UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOSEPH PANGIA,

                Plaintiff,

                                                                                                                           COMPLAINT
                                                                                                          JURY TRIAL DEMANDED

       -against-

THE STANDARD FIRE INSURANCE COMPANY,

                           Defendant.
-------------------------------------------------------------------------X

       Plaintiffs, JOSEPH PANGIA ("Plaintiff"), by and through their undersigned counsel, file this complaint for Breach of Contract and Demand for Jury Trial against Defendant, THE STANDARD FIRE INSURANCE COMPANY ("Defendant"), and as grounds therefore states as follows:

## NATURE OF THE ACTION

1.    Plaintiff's complaint is for breach of contract.

2.    Despite the fact that Plaintiff JOSEPH PANGIA fully paid the premium charged for defendant THE STANDARD FIRE INSURANCE COMPANY for an insurance policy designed to cover losses for flood Defendant THE STANDARD FIRE INSURANCE COMPANY has underpaid on claims made for direct physical loss suffered by Plaintiff JOSEPH PANGIA.

3.    Plaintiff JOSEPH PANGIA seeks damages due to THE STANDARD FIRE INSURANCE COMPANY's unreasonable and unfounded failure to pay for covered losses under its policy obligation.

**PARTIES**

4. At all times herein mentioned and material hereto, Plaintiff was and is the owner of residential real property located at 224 W Bay Drive, Long Beach, Nassau County, New York.

5. At all times herein mentioned and material hereto, Plaintiff JOSEPH PANGIA was and still is a resident of the County of Nassau in the State of New York.

6. At all times herein mentioned, Defendant, THE STANDARD FIRE INSURANCE COMPANY, was a private insurance company/association of insurance companies, organized and existing by virtue of the laws of the State of Connecticut, and duly authorized to conduct the business of insurance in the State of New York, and to issue policies of insurance as described herein.

7. At all times herein mentioned, Defendant, THE STANDARD FIRE INSURANCE COMPANY, was an agent of the Federal Emergency Management Agency ("FEMA").

8. At all times herein mentioned, Defendant, THE STANDARD FIRE INSURANCE COMPANY, was an agent and/or otherwise under the auspices and control of FEMA.

9. At all times herein mentioned, Defendant, THE STANDARD FIRE INSURANCE COMPANY was an agent and/ or otherwise under the auspices and control of FEMA with all duly available powers of agency.

10. At all times herein mentioned, Defendant, THE STANDARD FIRE INSURANCE COMPANY was an agent and/or otherwise under the auspices and control of FEMA and acting for and/or on behalf of FEMA.

11. At all times herein mentioned, Defendant, THE STANDARD FIRE INSURANCE COMPANY, was authorized to issue policies of insurance to homeowners in the State of New York.

12. At all relevant times hereinafter mentioned, Defendant was a "Write Your Own" ("WYO") Carrier participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act ("NFIA") as amended, 42 U.S.C. § 4001, et seq. Defendant issued Standard Flood Insurance Policies in its own name, as a fiscal agent of the United States. Pursuant to C.F.R. Section 62.23 (d) and (i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policy.

13. At all times herein mentioned, Defendant, THE STANDARD FIRE INSURANCE COMPANY was and is authorized by the Superintendent of Insurance of the State of New York to engage in the business of insurance in the State of New York and to issue policies of insurance including the policy herein sued upon.

## JURISDICTION

14. This action arises under the NFIA, Federal regulation and common law, and the flood insurance Policies that Defendant procured for and issued to each Plaintiff in its capacity as a WYO carrier under the Act. The Policies covered losses to Plaintiff's properties, which are all located in this judicial district.

15. Federal Courts have exclusive jurisdiction pursuant to 42 U.S.C. § 4072 over all disputed claims under NFIA Policies, without regard to the amount in controversy, whether brought against the government or a WYO company.

16. This court has original exclusive jurisdiction to hear this action pursuant to 42 U.S.C. § 4072 because the insured properties are located in this judicial district.

17. This court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.  The Plaintiff's various actions are properly joined in this suit pursuant to Rule 20 (a) of the Federal Rules of Civil Procedure because they present similar claims against a common defendant and involve questions of fact or law that are common to all Plaintiffs.

**VENUE**

18. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 and 42 U.S.C § 4072 in that a substantial part of the events or omissions giving rise to this action occurred in this judicial district, and the property that is the subject of this action is situated in this judicial district.

**FACTUAL BACKGROUND**

19. In consideration of the insurance premium paid by the Plaintiff, Defendant THE STANDARD FIRE INSURANCE COMPANY issued to Plaintiff a flood insurance policy, policy number 60055270042012 (the "Policy") pursuant to the National Flood Insurance Program, effective September 26, 2012 through September 26, 2013 with respect to the building, premises and contents.  A copy of the Policy Declarations Page and the National Flood Insurance Program Dwelling Form Standard Flood Insurance Policy is attached as Exhibit "A".

20. The Policy provided indemnification for flood damages incurred to Plaintiff's residential real property located at 224 W Bay Drive, Long Beach, Nassau County, New York (the "Property").

21. At all times mentioned herein, and prior to October 29, 2012 Plaintiff JOSEPH PANGIA timely paid all premiums due on the policy issued by Defendant THE STANDARD FIRE INSURANCE COMPANY.

22. At all times relevant and on the date of October 29, 2012, the Plaintiff JOSEPH PANGIA maintained an insurable interest in the premises and the property located thereat in that he was the owner of the premises.

23. At all times relevant and on or about October 29, 2012, while the Policy was in full force and effect, the Property was directly and physically damaged by floods resulting from Hurricane Sandy.

24. The damages sustained to Plaintiff's premises were a covered loss under the policy issued by Defendant THE STANDARD FIRE INSURANCE COMPANY.

25. Plaintiff's timely notified Defendant of the damage after October 29, 2012.

26. Plaintiff provided Defendant with all requested documents and information needed for Defendant to investigate their loss.

27. Plaintiff has cooperated with all reasonable and relevant requests made by Defendant in its investigation of their loss.

28. Defendant THE STANDARD FIRE INSURANCE COMPANY its agents, adjusters, investigators, appraisers, and experts have inspected the demised premises and property and have had a full and fair opportunity to inspect and investigate the loss, the cause of loss and damages.

29.     Plaintiff JOSEPH PANGIA timely and sufficiently presented his claim to Defendant THE STANDARD FIRE INSURANCE COMPANY for the damages sustained and claimed under this policy.  Defendant THE STANDARD FIRE INSURANCE COMPANY acknowledged coverage for a loss.

30.     Defendant THE STANDARD FIRE INSURANCE COMPANY, in response to Plaintiff's claim, has underpaid the claim.

## FIRST CAUSE OF ACTION — BREACH OF CONTRACT

31.     Plaintiff hereby adopted and re-alleged the allegations contained within Paragraphs 1-30 as if fully set forth herein.

32.     On or about October 29, 2012, Plaintiff's property suffered a loss caused by catastrophic flood damage, a peril covered under the policy provided by Defendant THE STANDARD FIRE INSURANCE COMPANY.

33.     The damages sustained and resulting losses were covered under the Policy and no exclusions or policy conditions exist to bar coverage.

34.     Although Plaintiff Joseph Pangia has satisfied all conditions and obligations of the policy, the Defendant has underpaid the claim for damages sustained.

35.     The Plaintiff Joseph Pangia paid its premiums to Defendant THE STANDARD FIRE INSURANCE COMPANY in exchange for insurance coverage of the premises.  Plaintiff expected to be wholly indemnified for the insured damages sustained to the premises. Defendant THE STANDARD FIRE INSURANCE COMPANY, thus, has breached its contract of insurance issued to Plaintiff Joseph Pangia.

36.      By reason of Defendant THE STANDARD FIRE INSURANCE COMPANY breach of contract with Plaintiff Joseph Pangia., the Plaintiff has

suffered financial damages.

37. Defendant's failure to indemnify Plaintiff Joseph Pangia for its full loss as claimed constitutes a breach of contract.

38. Plaintiff Joseph Pangia sustained damages by reason of Defendant THE STANDARD FIRE INSURANCE COMPANY breach of its contractual obligations under the flood policy.

## SECOND CAUSE OF ACTION – REQUEST FOR DECLARATORY RELIEF

39. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 38 as if set forth in full herein.

40. This is an action for Declaratory Judgment filed pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. Rule 57.

41. Plaintiff and Defendant are in doubt and dispute of their rights and obligations under the aforementioned Policy. Such doubt and dispute has created a bona fide, actual, and present adverse controversy between the parties regarding the requirements under the Policy.

42. Plaintiff's insured property was damaged as a result of flood associated with Superstorm Sandy on or about October 29, 2012.

43. The Policy provides that the Plaintiff(s) are required to "[w]ithin 60 days after the loss, *send* us a proof of loss…"

44. On or about October 1, 2013, the deadline within which to submit the Proof of Loss was extended eighteen (18) months by the National Flood Insurance Program in Bulletin W-13060-a.

45. The Plaintiff sent the Proof of Loss to Defendant well before the extended deadline and before filing the instant lawsuit.

46. The Policy also provides that the Plaintiff "may not sue us to recover money under the policy unless [the Plaintiffs] have complied with all the requirements of the policy. If you do sue, you must start the suit within 1 year after the date of the written denial of all or part of the claim…"

47. The Eastern District of Louisiana, under similar circumstances, found:

> The one year time-bar does not begin, as the government claims, one year from the date FEMA denies a claim based on an adjuster's report. Indeed, the government's interpretation of § 4072 would render the August 31, 2005 modification to the NFIP meaningless, in that the modified procedures allow policyholders to submit proof of loss as a means of challenging FEMA's initial notice of disallowance or partial disallowance. See Godfrey v. Chertoff, 2007 WL 2903228 *2 (E.D. La. 2007); Richardson v. Paulison, 2007 WL 647289 *2 (E.D. La. 2007). FEMA is then required to process the proof of loss "in normal fashion," and if the proof of loss is rejected in whole or in part, the policyholder may file a lawsuit within one year of the date of the written denial.

*Qader v. Federal Emergency Management Agency*, 543 F. Supp. 2d 558 (E.D. La. 2008); *see also Willis v. State Farm Fire & Casualty*, CIV. A. 07-4862, 2008 WL 793514 (E.D. La. Mar. 24, 2008; *Altman v. Napolitano*, MISC.A G-10-3004, 2013 Wl 788452 (S.D. Tex. Mar. 1, 2013).

48. Based on law these courts have interpreted regarding the limitations period, the Plaintiff should not need to file this lawsuit until one year after their Proof of Loss is received by FEMA. However, since FEMA has indicated it does not have authority to extend the limitations period, the Plaintiffs are filing this lawsuit in an abundance of caution at this time.

**WHEREFORE**, Plaintiff respectfully request this Honorable Court declare:

a. That the one year period to file suit begins to run at the time of the denial of the proof of loss.

b. That Plaintiff complied with the Proof of Loss requirement in the Policy when they sent the Proof of Loss to Defendant before filing this instant lawsuit;

c. That the Plaintiff timely filed the instant lawsuit;

d. That should it be necessary to file a supplemental proof of loss within the Statute of Limitations period that results in an adjustment of the loss based upon the Plaintiff's Proof of Loss or subsequent supplemental Proof of Loss, then the lawsuit can be stayed or abated until that process is concluded; and

e. That the Plaintiff's are entitled to any other such relief as this Court deems just and appropriate.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendant THE STANDARD FIRE INSURANCE COMPANY for all proceeds due under the insurance policy in an amount to be determined at trial, reasonable attorney's fees and costs and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Joseph Pangia hereby demand a trial by jury on all issues so triable.

Dated:  New York, New York

Dated:  New York, New York

      February 12, 2014

                          Respectfully Submitted,

                          Merlin Law Group

                          By:  s/ Christopher M. Nahas

                              Christopher M. Nahas, Esquire
                              New York Bar No.: 4328670
                              100 Park Avenue
                              16th Floor
                              New York, NY  10017
                              Ph: (212) 351-5017
                              Fax: (212) 880-6499